UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DAVID MUNGAI NJENGA, et al., | CASE NO. C24-2180-KKE |
| Plaintiff(s), | ORDER DISMISSING CASE |
| v. | |
| EVELYNE LOUISE WAMBUI NJUKI, et al., | |
| Defendant(s). | |

The Court previously found that on the face of Plaintiffs' operative complaint at that time, the Court could not find that it has subject matter jurisdiction over the claims listed in Plaintiffs' amended complaint, that Plaintiffs have a legally cognizable claim for the relief requested, or that the Court has personal jurisdiction over Defendants. Dkt. No. 32 at 3. The Court granted leave for Plaintiffs to file an amended complaint no later than May 30, 2025. Dkt. Nos. 32, 34. Plaintiffs, continuing to represent themselves, subsequently filed three versions of an amended complaint. Dkt. Nos. 35, 36, 37.

In the most recently filed amended complaint, Plaintiffs invoke this Court's diversity jurisdiction and request two forms of relief: (1) they seek to recover lost revenue and other sums Defendants owe Plaintiffs under a partnership agreement; and (2) they seek an order declaring that Defendant Everlyne Njuki is not married to Plaintiff David Njenga (because Plaintiffs are married to each other) and requiring Njuki to stop representing herself as Njenga's wife. Dkt. No. 37.

1    Plaintiffs attached to the complaint multiple documents, including an excerpt of a partnership

2    agreement (*id.* at 22–23) as well as marriage certificates and other marriage-related documents (*id.*

3    at 5–10, 21).

4        The Court continues to find deficiencies in Plaintiffs' complaint, and will address those

5    concerns in turn.

6    **A.    The Complaint Fails to Allege Facts Establishing Personal Jurisdiction.**

7        First, the Court is not satisfied that it has personal jurisdiction over Defendants based on

8    the allegations in the complaint.

9        "Personal jurisdiction must exist for each claim asserted against a defendant." *Action*

10   *Embroidery Corp. v. Atl. Embroidery, Inc.*, 368 F.3d 1174, 1180 (9th Cir. 2004). A court may

11   exercise personal jurisdiction over a non-resident individual defendant if it is permitted by the

12   forum state's long-arm statute and if the exercise of that jurisdiction does not violate federal due

13   process. *Glob. Commodities Trading Grp., Inc. v. Beneficio de Arroz Choloma, S.A.*, 972 F.3d

14   1101, 1106 (9th Cir. 2020); *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006).

15   Both Washington's long-arm statute and the Federal Rules of Civil Procedure incorporate due

16   process requirements. WASH. REV. CODE § 4.28.185; Fed. R. Civ. P. 4(k). "For a court to exercise

17   personal jurisdiction over a nonresident defendant consistent with due process, that defendant must

18   have 'certain minimum contacts' with the relevant forum 'such that the maintenance of the suit

19   does not offend "traditional notions of fair play and substantial justice."'" *Mavrix Photo, Inc. v.*

20   *Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011) (quoting *Int'l Shoe Co.*

21   *v. Washington,* 326 U.S. 310, 316 (1945)).

22       Personal jurisdiction can be either specific or general. *Daimler AG v. Bauman,* 571 U.S.

23   117, 122 (2014). Because neither Defendant in this action is domiciled in or could be considered

24   as residing in Washington or even the United States, and has not consented to this Court's

ORDER DISMISSING CASE - 2

jurisdiction, general personal jurisdiction is not applicable here.  *See J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 880–81 (2011).  The Ninth Circuit applies a three-part test to determine whether a court has specific personal jurisdiction over a defendant:

> (1)  The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;

> (2)  the claim must be one which arises out of or relates to the defendant's forum-related activities; and

> (3)  the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004) (quoting *Lake v. Lake*, 817 F.2d 1416, 1421 (9th Cir. 1987)).

In this case, Defendants live in Kenya.  Dkt. No. 37 at 1.  Njenga and Njuki formed a business in California in 2017, and it is that business partnership that gives rise to Plaintiffs' first claim.  *Id*. at 1.  The complaint describes Defendants as living in California and Oregon before fleeing to Kenya and does not describe any actions or transaction directed at Washington.  *Id*. at 1–2.  Although Plaintiffs attach to the complaint a marriage certificate listing Njenga and Njuki as spouses that purports to have been issued in King County, Washington, Njenga denies ever having married Njuki and has submitted evidence indicating that the certificate is not recorded in King County and is not a legally valid.[1]  *See id*. at 7–8.  Thus, accepting Plaintiffs' allegations as true, the Court has no basis to find any Washington connection to Defendants or Plaintiffs' claims that would support the Court's exercise of specific jurisdiction over Defendants, either at the time of

---

[1] Other documents attached to the complaint characterizes the purported marriage as solemnized in Washington, D.C., but nonetheless certified in a false King County document.  Dkt. No. 37 at 5, 28.

the events mentioned in the complaint or when the complaint was filed.  That one or both *Plaintiffs* may reside in Washington now is not sufficient to establish personal jurisdiction over *Defendants*.  *See, e.g.*, *Walden v. Fiore*, 571 U.S. 277, 284-85 (2014) ("But the plaintiff cannot be the only link between the defendant and the forum.  Rather, it is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him.").

**B.    The Complaint Fails to Allege Facts Establishing Subject Matter Jurisdiction.**

As noted above, the complaint invokes the Court's diversity jurisdiction, but the Court finds that Plaintiffs do not allege facts sufficient to establish that such jurisdiction exists.  Diversity jurisdiction exists in civil actions where the matter in controversy exceeds $75,000 (excluding interest and costs), and the action is between citizens of one state and citizens or subjects of a foreign state, unless those foreign citizens/subjects are lawfully admitted for permanent residence in the United States and are domiciled in the same state as plaintiff.  28 U.S.C. § 1332(a)(2).

The most recent version of the complaint does not contain any statements about the citizenship of either Plaintiff.  Dkt. No. 37.  The first version of the complaint alleges that Njenga is a citizen of Washington state.  Dkt. No. 22 at 3.  There is no information about Plaintiff Edith Wamathwe Thuo's citizenship in any version of the complaint.  Dkt. Nos. 22, 30, 35, 36, 37.  The lack of allegations regarding either Plaintiff's citizenship in the operative version of the complaint is fatal, because "[t]he party asserting diversity jurisdiction bears the burden of proof."  *Int'l Venture Assocs. v. Hawayek*, No. C 13-01254 RS, 2013 WL 2646188, at *2 (N.D. Cal. June 12, 2013) (citing *Resnik v. La Paz Guest Ranch*, 289 F.2d 814, 819 (9th Cir. 1961)).

**C.    The Complaint Fails to Clearly State a Claim Upon Which Relief Can Be Granted.**

Lastly, the Court turns to consider whether Plaintiffs' complaint states a valid claim.  The complaint does not allege facts that would give rise to a claim for lost revenue: it is not clear whether Plaintiffs contend that Defendants breached the partnership agreement, or whether such

claim is based on fraud or other tortious or criminal conduct. The complaint alleges that Defendants retained Njenga's "rentals," his $50,000 in business assets, and cars, and also attempted to poison him, but the nature of the claims related to these allegations is not specified. Dkt. No. 37 at 1–2. Although multiple documents are attached to the complaint, none of them are provisions of a partnership agreement that addresses revenue or earnings. Without a clear statement of what facts give rise to what claim for relief, Plaintiffs' complaint fails to state a valid claim.

Similarly, the complaint does not state a cognizable claim for relief with respect to the marriage certificate or the parties' marital status. This Court's ability to declare anything with respect to the parties' respective marital statuses is limited, given that federal courts generally defer to state courts as to issues of family relations. *See, e.g.*, *United States v. Windsor*, 570 U.S. 744, 766 (2013) ("[T]he federal courts, as a general rule, do not adjudicate issues of marital status even when there might otherwise be a basis for federal jurisdiction." (citing *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992))).

**D.    Leave to Amend Further Would Be Futile.**

The Court must liberally construe *pro se* filings. *Entler v. Gregoire*, 872 F.3d 1031, 1038 (9th Cir. 2017) ("A *pro se* complaint must be 'liberally construed,' since 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007))).

Even construing Plaintiffs' complaint liberally, however, the complaint fails to establish that the Court has personal jurisdiction over Defendants or subject matter jurisdiction, nor does the complaint clearly state a valid, cognizable claim upon which relief can be granted. Plaintiffs have been given multiple opportunities to amend their complaint and/or request injunctive relief, with each attempt found defective (Dkt. Nos. 27, 32), the Court finds that continuing to invite

further amendment of the jurisdictional allegations in particular would be futile.  Although leave to amend is generally available "if it appears at all possible that the plaintiff can correct the defect" in the pleading, the defects as to personal jurisdiction have not been corrected and appear to be fundamental, based on Plaintiffs' repeated amendments.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000 (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 701 (9th Cir. 1990)).

Accordingly, the Court DISMISSES the complaint without prejudice for lack of personal jurisdiction.  As a result of this disposition, the Court DENIES as moot Plaintiffs' pending motions for entry of default and for appointment of an expert at public expense.  Dkt. Nos. 38, 39.

Dated this 18th day of June, 2025.

Kymberly K. Evanson
United States District Judge

ORDER DISMISSING CASE - 6